Concurring Opinion by
Hoffman, J.:
I concur in the result reached by the majority, but I believe one aspect of this ease deserves additional comment.
In the instant case the Commonwealth presented its evidence, and appellee’s demurrer was sustained. The *412 standard in ruling on a demurrer is “whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty.” Commonwealth v. Collins, 436 Pa. 114, 259 A. 2d 160 (1969). “The trial court does not weigh the evidence, but merely applies the law to the admitted facts, and the test is not whether the court would find the defendant guilty on the evidence, but whether the evidence would be sufficient to sustain a verdict of guilty . . . 10A P.L.E. Criminal Law §617 (1970). It is apparent that the lower court incorrectly sustained appellee’s demurrer to the Commonwealth’s evidence because it based its finding on an affirmative defense to the crime charged.
Although I agree with the majority that the evidence presented by the Commonwealth was sufficient to overcome appellee’s demurrer, I cannot accept the majority’s implication that appellee is now precluded, as a matter of law, from raising the defense of entrapment at his new trial. Since appellee did not have an opportunity to raise or argue the affirmative defense of entrapment, the viability of this defense must be determined by the trier of fact in the lower court.
When the defense of entrapment is in issue, the defendant bears the initial burden of showing that the Commonwealth induced his alleged offense. The appellee’s initial burden of establishing that he was induced to commit the offense of selling narcotics was satisfied when the Commonwealth’s undercover agent admitted at trial that he initiated the sale. United States v. Kros, 296 F. Supp.. 972 (E.D. Pa. 1969); Sagansky v. United States, 358 F. 2d 195 (1st Cir. 1966).
Once there is a showing, by a preponderance of the evidence, that a defendant was induced, the burden then shifts to the Commonwealth to establish beyond a reasonable doubt that the defendant was predisposed *413 to commit the offense without the active encouragement of the Commonwealth. United States v. Kros, supra; Sagansky v. United States, supra.
I do not believe that appellant can be precluded from raising the defense of entrapment before he has had the opportunity to present his evidence. I therefore concur in reversing the order of the lower court and granting appellant a new trial.
Spaulding, J., joins in this opinion.